UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | | |
|---|---|---|
| **BRYAN FOSTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| | ) | |
| **TUFTS GRINDING, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, BRYAN FOSTER ("Plaintiff" or "Foster"), files his Complaint against the Defendant, TUFTS GRINDING, INC. ("Defendant" or "Tufts"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americanswith Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's intentional and systematic discrimination based on Plaintiff's disability, lawful exercise of his rights under the ADA and in retaliation for Plaintiff's protected requests.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**THE PARTIES**

4. Plaintiff, Foster, is a citizen of the United States was at all times material, a resident of the State of Illinois.

5. Defendant, Tufts, is an Illinois For-Profit Corporation with its principal place of business located at 79 E. 34th Street, South Chicago Heights, Illinois.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**PROCEDURAL REQUIREMENTS**

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On December 14, 2021, Plaintiff dual-filed a timely claim with the Illinois Department of Human Rights Commission ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On February 24, 2023, the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

12. Plaintiff was employed by Defendant since November 2020 as a full-time employee working or exceeding forty hours per week. At the time of his separation from Defendant Plaintiff held the position of Machine Operator.

13. At all relevant times, Plaintiff suffered from a serious medical condition, as Defendant is aware.

14. Plaintiff's disabilities substantially limited one or more of her major life activities and constitutes a disability under applicable law.

15. Plaintiff was able to perform essential job functions.

16. On or about March 7, 2021, Plaintiff suffered a medical emergency, and was taken to South Suburban Hospital for treatment.

17. The next day, Plaintiff called Defendant and notified his supervisor of his hospitalization.

18. On or about March 10, 2021, Plaintiff was released from the hospital.

19. Upon his discharge, Plaintiff's doctor placed him under light duty restrictions.

20. Plaintiff contacted Defendant's Human Resources Department, and informed them of his restrictions and that Plaintiff would be on a heart monitor for thirty days.

21. Rather than grant his request for accommodation, Defendant terminated Plaintiff's employment.

22. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

23. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

24. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination under the ADA

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

28. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

29. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

30. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

31. Plaintiff was able to perform the essential functions of his job at the time of his termination.

32. Defendant is prohibited under the ADA from discriminating against Plaintiff

because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

33. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout his employment based on his disability, thereby resulting in Plaintiff's unlawful termination.

34. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

35. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Failure to Accommodate in Violation of the ADA**

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

37. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

38. Plaintiff was able to perform the essential functions of his job at the time of his termination.

39. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms,

conditions, and privileges of employment.

40. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

41. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

42. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

43. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III: Retaliation in Violation of the ADA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

46. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

47. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

48. Defendant intentionally retaliated against Plaintiff based on his request for reasonable accommodations and use of protected medical leave pursuant to his disability.

49. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintif*